Patricia Griswold and Lawrence Griswold v. Commissioner.
Griswold v. Commissioner
Docket No. 88185.
United States Tax Court
T.C. Memo 1962-7; 1962 Tax Ct. Memo LEXIS 300; 21 T.C.M. (CCH) 33; T.C.M. (RIA) 62007; January 16, 1962
*300 Lawrence Griswold, pro se, 2914 Connecticut Ave., N.W., Washington, D.C. William L. Kinzer, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax in the amount of $560 for 1958 against petitioners, husband and wife residing in Washington, D.C., who had filed their return with the district director of internal revenue at Baltimore, Maryland. During 1958 Lawrence Griswold (hereinafter referred to as petitioner) was a publisher of a "Weekly" dealing with an analysis of foreign affairs. His gross business receipts in 1958 were $3,998.60. The deficiency is based upon adjustments made by the Commissioner with respect to certain deductions claimed on petitioners' return. 1. Petitioners claimed a deduction for "rent" on business property in the amount of $600. A stipulation of facts discloses that petitioners resided during 1958 in a 2 1/2 room apartment which they leased at an annual rental of $1,200, and the evidence shows that the husband operated his business as a publisher of the weekly from that apartment. He had no other place of business. The apartment (both living room and bedroom) *301 was dominated by a large desk, at least three file cabinets, books, typewriter, and various other items of equipment and supplies pertaining to Griswold's publishing activities. The Commissioner reduced the deduction to $480. We are satisfied on the evidence that at least one-half of the rent for the apartment was applicable to business use and therefore hold that the Commissioner erred in reducing the $600 deduction for rent. 2. On their return petitioners claimed a $300 deduction for "Tel. Recorder", which, it turns out, represented the expenses for two telephones at petitioners' apartment, one personal and the other business (which had some type of recording device). The Commissioner disallowed the entire $300 deduction, but now admits that a deduction in the amount of $150 is appropriate. It is necessary to make an allocation between business and personal use. Based on the evidence, it is our best judgment and we hereby find as a fact that $225 represents deductible business telephone expense for 1958, and that the remaining $75 represents nondeductible personal expense. 3. A $720.20 deduction for "travel and transportation" was reduced by the Commissioner to $300 for lack *302 of verification. The evidence shows that petitioner used taxis extensively in Washington visiting the Pentagon and various other Government offices seeking material for his publication. He estimated such transportation at $5 a week, or approximately $250 for the year. Also, he made a 10-day trip to Boston, two 2-day trips to New York, and a 4-day trip to New York, in 1958 in connection with his work. He traveled by air, and stayed at hotels where he paid about $9.50 a night for a room. He estimated his total expenses for hotel, food, and other items connected with these trips at $20 a day (exclusive of plane fare). Petitioner appeared to be a candid witness, and we found his testimony credible. We conclude that he incurred deductible business expenses for travel and transportation for 1958 in the amount of at least $720.20, the amount claimed on the return, and that the Commissioner erred with respect to this adjustment. 4. The Commissioner disallowed two deductions, one identified as "Printer" in the amount of $277 and the second identified as "Filing cabinets, stationery etc." in the amount of $340, treating them as capital items, and allowing instead a $75 deduction for depreciation. *303 The evidence shows that the $277 was paid to a printer; it consisted of about $150 for dies and the remaining $127 for printing services. Plainly, the $127 for printing services was deductible in full, but the $150 for dies must be capitalized. The $340 item consisted of three file cabinets purchased for $80 each, and the remainder for stationery and other office supplies. The cost of the file cabinets ( $240) must be capitalized, but the remaining $100 is obviously deductible in 1958. In sum, as to these two items, the $127 and $100 components, respectively, are deductible in 1958, but the remaining components, $150 and $240, must be capitalized. The evidence is extremely scanty as to a proper allowance for depreciation with respect to such capitalized components, but, doing the best we can with the materials at hand, we find that $25 is a reasonable allowance for depreciation. 5. As a result of his adjustments with respect to the foregoing business items, the Commissioner determined an increase in adjusted gross income which in turn resulted in a decrease in the allowable medical deduction. And since he found that the standard deduction would operate to the petitioners' advantage, *304 he computed their tax liability by using the standard deduction rather than using the itemized personal deductions appearing on the return. The correctness of his action in this respect depends upon the effect that our decision on the various issues herein will have upon the recomputation of tax by using the itemized deductions. Petitioners will be entitled to either the itemized deductions [1] or standard deduction, whichever will produce the greatest tax benefit to them. 6. Finally, in computing the tax liability there must be taken into account the Commissioner's concession that an additional $600 exemption is available by reason of blindness of petitioner's wife. Decision will be entered under Rule 50. Footnotes
1. However, one component of the deduction for taxes, $30.60 for "Travel etc.", would not be allowable, since the evidence shows that it represented Federal taxes on transportation which are not deductible.↩